# United States District Court, Northern District of Illinois

**ORIGINAL**

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5127 | **DATE** | 5/8/2001 |
| **CASE TITLE** | Laura Pilcher vs. Larry G. Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for summary judgment is granted, Defendant's motion for summary judgment is denied, and the case is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. 405(g) for further proceedings consistent with this opinion. The Commissioner is ordered to readjudicate Claimant's claim of disability beginning at step two.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 09 20 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ✓ | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/8/2001 | |
| mm | courtroom deputy's initials | | date mailed notice mm | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA PILCHER for ELMER PILCHER (Deceased), ) ) ) Plaintiff, ) ) v. ) ) LARRY G. MASSANARI[1], ) ACTING COMMISSIONER OF ) SOCIAL SECURITY, ) ) Defendant. ) | No. 00 C 5127 Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court for a review of the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying Plaintiff, Elmer Pilcher ("Claimant" or "Pilcher"), disability insurance benefits ("DIB") under the Social Security Act, 42 U.S.C. § 416(i), 423(d). Pilcher claims he suffered from a "severe" impairment prior to December 31, 1996. Pilcher is deceased and the case is being pursued by his wife, Laura Pilcher, on his behalf.

Pilcher seeks judicial review of the Commissioner's final decision. The matter comes before this Court on cross-motions for summary judgment. The issue to be decided

---

[1] On March 29, 2001, Larry G. Massanari became Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Larry G. Massanari is automatically substituted for Kenneth S. Apfel as the Defendant in this civil action.

is whether substantial evidence in the record supports the finding of the Administrative Law Judge ("ALJ") that Pilcher did not suffer from a "severe" impairment prior to December 31, 1996. For the reasons set forth below, the Court reverses the ALJ's decision and remands the case to the Commissioner for further proceedings consistent with this opinion.

## I. PROCEDURAL BACKGROUND

On March 3, 1998, Pilcher applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §416(i), 423(d) claiming a disability since May 31, 1991. The Defendant denied Pilcher's application both initially and on reconsideration. (R. 24, 26, 28-31, 33-35).

Pilcher requested a hearing before an ALJ and such a hearing was held on November 2, 1998. In order to establish entitlement to DIB, the Claimant must demonstrate that he was disabled prior to December 31, 1996. (R. 13).

Following the sequential evaluation process, the ALJ found, at step one, that Pilcher had not engaged in substantial gainful activity ("SGA") after May 31, 1991, the alleged onset date of disability. (R. 13). The ALJ noted a "very significant medical history" but found that severe impairments had not been documented to be present until after December 31, 1996. (R. 16). Thus, the ALJ found, at step two, that Pilcher was not disabled within the meaning of the Social Security Act. (R. 16). Pilcher died on December 21, 1998.

Laura Pilcher, the Claimant's wife, requested a review of the ALJ's decision, which was denied by the Appeals Council. She appeals that decision to this Court claiming, *inter alia*, that the ALJ failed to summon expert medical testimony, failed to consider certain documented medical evidence, and thus erred in finding that Pilcher was not disabled at step two of the sequential evaluation process.

## II. STANDARD OF REVIEW

Judicial review of a Commissioner's final decision is governed by 42 U.S.C. § 405(g) which provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive ..." An ALJ's decision becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Wolfe v. Shalala*, 997 F.2d 321, 322 (7th Cir. 1993). Under such circumstances, the decision reviewed by the district court is the decision of the ALJ. *Eads v. Secretary of the Dept. Of Health & Human Serv.*, 983 F.2d 815, 816 (7th Cir. 1993). A reviewing court may not decide facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

Judicial review is limited to determining whether the ALJ applied the correct legal standards in reaching its decision and whether there is substantial evidence in the record to support his findings. *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir. 1992); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401, 91 S.Ct. 1420, 1427 (1971). The court may reverse the Commissioner's decision only if the evidence "compels" reversal, not merely because the evidence supports a contrary decision. *INS v. Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815 n.1 (1992). The Act gives a court the power to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## III. ESTABLISHING A DISABILITY

In order to be entitled to DIB under Title II of the Social Security Act, the Claimant must establish a "disability" under the Act. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997). To establish a "disability" the Claimant must show that he is suffering from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last" for at least 12 months. 42 U.S.C. §423(d)(1)(A).

The Social Security Regulations provide a five-step process to determine whether the Claimant has established a "disability." 20 C.F.R. §404.1520(a). The process is sequential; if the ALJ finds that the Claimant is disabled or is not disabled at any step in the process, the analysis ends. *Id.* In the first step, the ALJ considers whether the Claimant is working and whether such work is "substantial gainful activity." *Id.* at §404.1520(b). If the Claimant is working, the ALJ will find he is not disabled irrespective of medical condition, age, education, and work experience. *Id.*

4

If the Claimant is not working, the ALJ will address step two: whether the Claimant has an impairment or combination of impairments that is "severe." *Id.* at §1420(c). A "severe" impairment is one which "significantly limits [the Claimant's] physical or mental ability to do basic work activities." *Id.* Basic work activities include sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, seeing, hearing, speaking, understanding, carrying out, and remembering simple work instructions, and using judgment. *Id.* at §404.1521(b). The ALJ is to consider the combined effect of multiple impairments "without regard to whether any [single] impairment, if considered separately, would be of sufficient severity." *Id.* at §404.1523; 42 U.S.C. §423(d)(2)(B). If the ALJ finds the Claimant does not have a severe impairment, the Claimant is found not to be disabled and the sequential analysis ends. 20 C.F.R. at §404.1520(b).

If the ALJ finds the Claimant's impairment is severe, the ALJ considers step three: whether the severe impairment meets any of the impairments listed in Appendix 1 of Subpart P of Regulations No. 4. *Id.* at §1420(c). If the Claimant's impairment meets or equals any impairment listed in the regulations, the ALJ will find the Claimant disabled.

If the impairment does not meet any listed impairment, the ALJ moves to step four. *Id.* at §1420(e). Step four involves a consideration of the Claimant's "residual functional capacity" and the "physical and mental demands" of the past relevant work experience. *Id.* A Claimant's residual functional capacity ("RFC") is what that person is able to do,

despite his or her limitations. *Id.* at §404.1545. If the Claimant is still able to perform work that he had performed in the past, the ALJ will find that the Claimant is not disabled. *Id.* at §1420(e).

If the Claimant's impairment is so severe that he is unable to perform past relevant work, the burden shifts to the Commissioner to show that the Claimant, considering his age, education, past work experience, and RFC, is capable of performing other work which exists in the national economy. 42 U.S.C. §423(d)(2)(A); *Brewer*, 103 F.3d at 1390.

## IV. THE ALJ FAILED TO SUMMON A MEDICAL EXPERT

The procedure for adjudicating a social security disability insurance benefits claim differs significantly from the adversarial model. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000). The procedure requires the ALJ to summon a medical expert if there is not an adequate medical basis in the record for determining whether the Claimant is disabled. *Id.* Here, the ALJ erred in failing to summon a medical expert to determine whether medical conditions which existed subsequent to December 31, 1996 may have been the result of severe impairments that were present prior to that date.

The ALJ found that Claimant suffered from the following impairments as of December 31, 1996: "diabetes mellitus, mild osteoarthritis changes of the right hand, varicose veins and diminished vision of the right eye." (R. 17). The ALJ found none of these impairments to be severe. (R. 17). Claimant contends that in addition he was

suffering from arteriosclerosis, left ventricular hypertrophy, left shoulder limitations of movement and arthritis, gastritis, and short term memory deficits as of December 31, 1996. The ALJ rejected Claimant's argument without seeking out medical advice to interpret the medical records. The ALJ reviewed the medical records and came to the conclusion that despite a "significant medical history," the Claimant "did not have functional limitations resulting from the presence of an impairment or combination of impairments" and "did not have a severe impairment on or before December 31, 1996." (R. 16).

Claimant contends the ALJ should have consulted a medical expert to review the medical history to determine whether Pilcher's cardiac, shoulder, and mental impairment may have been severe prior to the date he first sought treatment. The Court agrees. On January 8, 1998, the Claimant was admitted to a hospital with slurring of speech and left leg weakness, both of which had been present since December 9, 1997, and was diagnosed to have suffered a stroke. (R. 123). The Claimant gave a history of having had a similar attack "about one year ago" and a myocardial infarction is documented in the record as having occurred in April of 1997. (R. 123-24). In addition, the emergency room report included results of a CT scan finding, "an old infarct of undeterminant age in the left cerebellum." (R. 131). The ALJ noted that two of these episodes occurred "several months after the period in question" but did not consider whether either could have been present prior to December 31, 1996. (R. 15). The ALJ should have summoned a medical

7

expert to determine whether either of these episodes could have been the result of a severe impairment present prior to December 31, 1996. *See Green v. Apfel*, 204 F.3d at 781.

The ALJ should have obtained the expert opinion of a medical advisor to determine the onset date of Pilcher's cardiac, shoulder, and mental impairments. They may have been severe prior to the dates he first sought treatment. "This judgment, however, must have a legitimate medical basis. At the hearing, the ALJ should call on the services of a medical advisor when onset must be inferred." SSR 83-20. The Ruling's requirement is especially important in Pilcher's case since it is clear that his multiple impairments were progressive, and that they led to dramatic impairments as of or very close to December 31, 1996.

The record documents that Pilcher suffered a heart attack in April 1997, that in January 1998, a CT Scan demonstrated an "old infarct of undeterminant age in the left cerebellum," (R. 131), that on January 8, 1998, Pilcher reported a two-month period of slurred speech "about a year ago" (R. 123) and that April, 1997 testing showed both left ventricular hypertrophy and arteriosclerosis. (R. 146-147). Similarly, a Doppler study dated April 28, 1997, indicates concentric left ventricular hypertrophy, septal hypokinesia, and slightly diminished ejection fraction. (R. 147-48). In addition to those objective measures of the limiting consequences of Pilcher's various impairments, the record also contains statements from Mrs. Pilcher that her husband had long suffered from memory problems, difficulty using his hands and left shoulder, leg pain and instability, and fading

vision. (R. 216, 218, 225). The onset of Pilcher's disability is a medical question and it should be answered by a medical advisor.

The ALJ, when considering the severity of the Claimant's impairments, is not free to reach his own medical conclusions or to "practice medicine." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Indeed, the 7th Circuit has counseled on many occasions that "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Id.*

## V. CONCLUSION

This case turns on the crucial question of whether Plaintiff suffered from a "severe" impairment prior to December 31, 1996. Because the ALJ failed to summon a medical expert to provide an informed basis for determining the onset date, **Plaintiff's motion for summary judgment is GRANTED, Defendant's motion for summary judgment is DENIED, and the case is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The Commissioner is ordered to readjudicate Claimant's claim of disability beginning at step two.**

SO ORDERED THIS 8th DAY OF MAY, 2001.

_____
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies mailed to:**

Steven Coursey
1718 South Ashland Avenue
2nd Floor
Chicago, IL 60608
**Attorney for Plaintiff**

Marc Mates
Assistant Regional Counsel
200 West Adams Street, 30th Floor
Chicago, IL 60606

Preston L. Pugh
Assistant U. S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, IL 60604
**Attorneys for Defendant**